Patricia A. O'Connor (PO5645)
BRODY, O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EMILIA ORTIZ,                                                                          Docket No.:

                             Plaintiff,

                  -against-                                                                 **NOTICE OF REMOVAL**

WAL-MART REALTY COMPANY AND
WAL-MART REAL ESTATE BUSINESS TRUST,
and WAL-MART STORES EAST, LP,

                             Defendants.
-----------------------------------------------------------------X
**TO THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK:**

      Defendant, WAL-MART STORES EAST, LP i/s/h/a WAL-MART REALTY COMPANY, WAL-MART REAL ESTATE BUSINESS TRUST, and WAL-MART STORES EAST, LP for the removal of this action from the Supreme Court of the State of New York, County of Bronx, to the United States District Court for the Southern District of New York, respectfully shows this Honorable Court:

      FIRST:     Defendant, WAL-MART STORES EAST, LP i/s/h/a WAL-MART REALTY COMPANY, WAL-MART REAL ESTATE BUSINESS TRUST, and WAL-MART STORES EAST, LP is a defendant in a Civil action brought against it in the Supreme Court of the State of New York, County of Bronx, entitled:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------------X
EMILIA ORTIZ,                                            Index No.: 15689/07

                                     Plaintiff,

       -against-

WAL-MART REALTY COMPANY and
WAL-MART REAL ESTATE BUSINESS TRUST,
and WAL-MART STORES EAST, LP,

                                  Defendants.
---------------------------------------------------------------------X

SECOND: On or about June 19, 2007, plaintiff served a supplemental summons with notice and amended complaint in this matter, copies of which are annexed hereto and made a part hereof. The supplemental summons with notice states that upon a failure to appear, judgment will be taken against defendant by default for the sum of $1,000,000.00.

THIRD: That this action seeks recovery for damages sustained as a result of personal injuries allegedly suffered by the plaintiff while on the defendant's premises.

FOURTH: The grounds for removal are that this Court has original jurisdiction pursuant to 28 § 1332(a)(1). The amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States.

FIFTH: The defendant, WAL-MART STORES EAST, LP, is a Delaware limited partnership with its corporate headquarters and principal place of business in Arkansas. WSE Investment, LLC, is the limited partner of WAL-MART STORES EAST, LP, and WSE Management, LLC is the General Partner. Both are Delaware companies with their principal places of business in Arkansas. The sole member of both limited liability companies is Wal-Mart Stores East, Inc. Wal-Mart Stores East, Inc. is a citizen of Arkansas. It is incorporated in Arkansas and its principal place of business is in Arkansas. Thus, for diversity purposes, the defendant is a citizen

of Arkansas. See Carden v. Arkoma Assocs., 494 U.S. 185, 195-96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990) (stating that, for purposes of diversity jurisdiction, limited partnerships have the citizenship of each of its general and limited partners); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir.1998) (stating that, for purposes of diversity jurisdiction, a limited liability company has the citizenship of its members).

SIXTH: Upon information and belief, Plaintiff is a citizen of the State of New York, County of Bronx.

SEVENTH: In that this action is between citizens of different states and seeks damages in excess of $75,000.00, than pursuant to 28 U.S.C.A. §1332 and 28 U.S.C.a. §1441 and §1446 the case should be removed from the Supreme Court of the State of New York, County of Bronx to the United States District Court for the Southern District of New York.

Dated: Northport, New York
June 22, 2007

Yours, etc.

BRODY, O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant

By: _____
PATRICIA A. O'CONNOR (PO5645)
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778
File No.: WM 06-233 NM

TO: HOFFMAIER & HOFFMAIER, LLP
Attorneys for Plaintiff
Thirty Avenue B
New York, New York 10009
(212) 777-9400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

----------------------------------------

EMILIA ORTIZ,

                          Plaintiff,

-against-

WAL-MART REALTY COMPANY,
WAL-MART REAL ESTATE BUSINESS
TRUST, AND
WAL-MART STORES EAST, LP,

                          Defendants.

----------------------------------------

Index No. 15689-07
Date Purchased 5.29.07

Plaintiff designates
Bronx County as
the place of trial.
The basis of the venue
is Plaintiff's residence.

Supplemental Summons
with Notice

Plaintiff resides at
100 Benchley Place, 24D
Bronx, New York.
County of Bronx

Defendants reside at
111 Eighth Avenue
New York, N.Y. 10011 and
2001 S.E. Tenth Street
Bentonville, Arkansas 72712



To the above named Defendants:

    You are hereby summoned to answer the amended complaint in this action and to serve a copy of your answer, or, if the amended complaint is not served with this supplemental summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after service of this supplemental summons, exclusive of the day of service (or within 30 days after the service is complete if this supplemental summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the amended complaint.

Dated, June 11, 2007

Defendants' Addresses:

WAL-MART REALTY COMPANY
C/O CT CORPORATION SYSTEM
111 Eighth Avenue
New York, N.Y. 10011

WAL-MART REAL ESTATE BUSINESS
TRUST

HOFFMAIER &
HOFFMAIER, LLP
Thirty Avenue B
New York, New York 10009
(212) 777-9400

2001 S.E. Tenth Street
Bentonville, Arkansas 72712
and
702 S.W. Eighth Street
Bentonville, Arkansas 72712

WAL-MART STORES EAST, LP
C/O CT CORPORATION SYSTEM
111 Eighth Avenue
New York, N.Y. 10011
and
2001 S.E. Tenth Street
Bentonville, Arkansas 72712
and
702 S.W. Eighth Street
Bentonville, Arkansas 72712



Notice: The nature of this action is Negligence/Personal Injuries

The relief sought is Money Damages.

Upon your failure to appear, judgment will be taken against you by default for the sum of $1,000,000.00, with interest from April 19, 2007 and the costs of this action.

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------x
EMILIA ORTIZ,

                Plaintiff,

-against-

WAL-MART REALTY COMPANY,
WAL-MART REAL ESTATE BUSINESS
TRUST, AND
WAL-MART STORES EAST, LP,

                Defendants.
-------------------------------------------------------------x

Index No. 15689-07

AMENDED VERIFIED
COMPLAINT



Plaintiff, by her attorney, HOFFMAIER & HOFFMAIER, LLP, complaining of the Defendants, respectfully sets forth and alleges, upon information and belief, that:

### AS AND FOR A FIRST CAUSE OF ACTION

1. Plaintiff was and still is a resident of the Bronx, City and State of New York.
2. At all relevant times, WAL-MART REALTY COMPANY was a domestic corporation licensed and authorized to do business in the State of New York.
3. At all relevant times, WAL-MART REALTY COMPANY was a limited liability corporation licensed and authorized to do business in the State of New York.
4. At all relevant times, WAL-MART REALTY COMPANY was a foreign corporation licensed and authorized to do business in the State of New York.
5. At all relevant times, WAL-MART REALTY COMPANY was a partnership.
6. At all relevant times, WAL-MART REALTY COMPANY was a sole proprietorship.
7. On April 19, 2007, WAL-MART REALTY COMPANY owned premises located at 275 Main Street, White Plains, New York (hereinafter the "Premises").
8. On April 19, 2007, WAL-MART REALTY COMPANY leased Premises located at 275 Main Street, White Plains, New York.

3

9. On April 19, 2007, WAL-MART REALTY COMPANY leased the first floor of 275 Main Street, White Plains, New York.

10. At all relevant times, WAL-MART REAL ESTATE BUSINESS TRUST was a domestic corporation licensed and authorized to do business in the State of New York.

11. At all relevant times, WAL-MART REAL ESTATE BUSINESS TRUST was a limited liability corporation licensed and authorized to do business in the State of New York.

12. At all relevant times, WAL-MART REAL ESTATE BUSINESS TRUST was a foreign corporation licensed and authorized to do business in the State of New York.

13. At all relevant times, WAL-MART REAL ESTATE BUSINESS TRUST was a partnership.

14. At all relevant times, WAL-MART REAL ESTATE BUSINESS TRUST was a sole proprietorship.

15. On April 19, 2007, WAL-MART REAL ESTATE BUSINESS TRUST owned premises located at 275 Main Street, White Plains, New York.

16. On April 19, 2007, WAL-MART REAL ESTATE BUSINESS TRUST leased Premises located at 275 Main Street, White Plains, New York.

17. On April 19, 2007, WAL-MART REAL ESTATE BUSINESS TRUST leased the first floor of 275 Main Street, White Plains, New York.

18. At all relevant times, WAL-MART STORES EAST, LP was a domestic corporation licensed and authorized to do business in the State of New York.

19. At all relevant times, WAL-MART STORES EAST, LP was a limited liability corporation licensed and authorized to do business in the State of New York.

20. At all relevant times, WAL-MART STORES EAST, LP was a foreign corporation licensed and authorized to do business in the State of New York.

21. At all relevant times, WAL-MART STORES EAST, LP was a partnership.

22. At all relevant times, WAL-MART STORES EAST, LP was a sole proprietorship.

23. On April 19, 2007, WAL-MART STORES EAST, LP owned premises located at 275 Main Street, White Plains, New York.

24. On April 19, 2007, WAL-MART STORES EAST, LP leased Premises located at 275 Main Street, White Plains, New York.

25. On April 19, 2007, WAL-MART STORES EAST, LP leased the first floor of 275 Main Street, White Plains, New York.

26. At all relevant times, the Defendants, their servants, agents, lessees, permittees, and/or employees, operated the Premises.

27. At all relevant times, the Defendants, their servants, agents, lessees, permittees, and/or employees, maintained the Premises.

28. At all relevant times, the Defendants, their servants, agents, lessees, permittees, and/or employees, managed the Premises.

29. At all relevant times, the Defendants, their servants, agents, lessees, permittees, and/or employees, controlled the Premises.

30. At all relevant times, it was the duty of the Defendants, their servants, agents, lessees, permittees and/or employees, to maintain, clean and repair the Premises in reasonably safe and suitable condition and repair.

31. At all relevant times, it was the duty of the Defendants, their servants, agents, lessees, permittees and/or employees, to maintain, clean and repair the interior of the Premises in reasonably safe and suitable condition and repair.

32. At all relevant times, it was the duty of the Defendants, their servants, agents, lessees, permittees and/or employees, to warn Plaintiff and others of unsafe and hazardous liquids within the interior of the Premises.

33. At all relevant times, it was the duty of the Defendants, their servants, agents, lessees, permittees and/or employees, to warn Plaintiff and others of unsafe and hazardous liquids, by color, markings, signs and other warnings, within the interior of the Premises.

34. At all relevant times, it was the duty of the Defendants, their servants, agents, lessees, permittees and/or employees, to see that the floor within the interior of the Premises conformed to code as regards friction.

35. At all relevant times, it was the duty of the Defendants, their servants, agents, lessees, permittees and/or employees, to provide sufficient and adequate lighting for Plaintiff and others lawfully at said Premises.