36. At all relevant times, the Plaintiff, EMILIA ORTIZ ("Plaintiff") was lawfully on the Premises.

37. On the 19th day of April, 2007, Plaintiff was walking within the Premises and slipped, tripped and fell due to dirty, hazardous, and unsafe liquids on the floor.

38. At all relevant times, Defendants, their servants, agents, lessees, permittees and/or employees, failed to maintain, clean and repair the Premises in reasonably safe and suitable condition and repair.

39. At all relevant times, Defendants, their servants, agents, lessees, permittees and/or employees, failed to maintain, clean and repair the interior of the Premises in reasonably safe and suitable condition and repair.

40. At all relevant times, Defendants, their servants, agents, lessees, permittees and/or employees, failed to remove dirty, hazardous, and unsafe liquids placed within the interior of the Premises.

41. At all relevant times, Defendants, their servants, agents, lessees, permittees and/or employees, failed to warn Plaintiff and others of dirty, hazardous, and unsafe liquids within the interior of the Premises.

42. At all relevant times, Defendants, their servants, agents, lessees, permittees and/or employees, failed to warn Plaintiff and others of unsafe, hazardous and dirty liquids, by color, markings, signs and other warnings, within the interior of the Premises.

43. At all relevant times, Defendants, their servants, agents, lessees, permittees and/or employees, failed to see that the floor within the interior of the Premises conformed to code as regards friction.

44. At all relevant times, Defendants, their servants, agents, lessees, permittees and/or employees, failed to provide sufficient and adequate lighting for Plaintiff and others lawfully at said Premises.

45. As a result of said hazardous, dirty, and unsafe conditions, and the improper and inadequate lighting, steps, and handrails, thereby constituting a trap, Plaintiff was caused to sustain severe injuries to her body.

46. The aforesaid described incident and the resulting injuries to the Plaintiff were caused solely by the reason of the carelessness, negligence, wanton and willful disregard on the part of the Defendants, their servants, agents, lessees, permittees

6

and/or employees, without any negligence on the part of the Plaintiff contributing thereto.

47. Defendants are liable for negligence, negligence per se, res ipsa loquitor, respondeat superior and vicarious liability.

48. Defendants caused and created the conditions described above.

49. Defendants had written and oral, actual and/or constructive, prior notice of the conditions described above.

50. Defendants had both actual and constructive prior notice of a recurrent hazardous conditions of liquids and spills at the accident location.

51. This action falls within one or more of the exceptions set forth in CPLR Section 1602, including, but not limited to, CPLR 1602(7), and (11).

52. By reason of the foregoing, Plaintiff EMILIA ORTIZ was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration.

53. By reason of the foregoing, Plaintiff EMILIA ORTIZ was caused to suffer pain, inconvenience and other effects of such injuries.

54. By reason of the foregoing, Plaintiff EMILIA ORTIZ incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries.

55. By reason of the foregoing, Plaintiff EMILIA ORTIZ has suffered and in the future will necessarily suffer additional loss of time and earnings from employment.

56. By reason of the foregoing, Plaintiff EMILIA ORTIZ will be unable to pursue the usual duties with the same degree of efficiency as prior to this occurrence, all to Plaintiff's great damage.

57. By reason of the foregoing, Plaintiff EMILIA ORTIZ has been damaged in an amount that exceeds the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action and/or in a sum that would provide Plaintiff general relief for her injuries and damages.

7

### AS AND FOR A SECOND CAUSE OF ACTION

58. Plaintiff repeats, reiterates and realleges each and every allegation of the amended complaint set forth in the prior and applicable paragraphs with the same force and effect as though said allegations were herein set forth at length.

59. At all relevant times, it was the duty of the Defendants to select and screen from hiring and retention or for discharge those employees who were not fit, suitable, properly trained, and/or instructed to promptly, properly, safely, and adequately clean, install, maintain and repair the Premises.

60. At all relevant times, it was the duty of the Defendants to train, discipline and supervise their servants, agents, employees and/or personnel and to promulgate and put into effect adequate and appropriate rules applicable to the activities and behaviors of their servants, agents, employees, and/or personnel concerning cleaning, installation, maintenance and repair of the Premises.

61. At all relevant times, the Defendants failed to select and screen from hiring and retention or for discharge those employees who were not fit, suitable, properly trained, and/or instructed to promptly, properly, safely, and adequately clean, install, maintain and repair the Premises.

62. At all relevant times, the Defendants failed to train, discipline and supervise their servants, agents, employees and/or personnel and to promulgate and put into effect adequate and appropriate rules applicable to the activities and behaviors of their servants, agents, employees, and/or personnel concerning cleaning, installation, maintenance and repair of the Premises.

63. By reason of the foregoing, Plaintiff EMILIA ORTIZ has been damaged in an amount that exceeds the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action and/or in a sum that would provide Plaintiff general relief for her injuries and damages.

WHEREFORE, Plaintiff EMILIA ORTIZ demands judgment against the Defendants in an amount that exceeds the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action

and/or in the sum that would provide Plaintiff general relief for her injuries and damages, altogether with the costs and disbursements of this action.

Dated:   New York, New York
         June 11, 2007

Yours, etc.,

*/s/ J. Hoffmaier*
JAMES HOFFMAIER
HOFFMAIER & HOFFMAIER, LLP
Attorney for the Plaintiff
30 Avenue B
New York, New York 10009
(212) 777-9400

STATE OF NEW YORK
COUNTY OF NEW YORK

I, the undersigned, am an attorney admitted to practice law in the Courts of the State of New York, and state that I am the attorney of record for EMILIA ORTIZ in the within action. I have read the annexed supplemental summons with notice and verified amended complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein that are stated to be alleged on information and belief, and, as to those matters, I believe them to be true. The grounds of my belief as to those matter not stated to be upon my own knowledge, are based on investigative materials contained in my file. The reason I make this affirmation instead of the Plaintiff is that the Plaintiff does not reside in the county wherein I maintain my office.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: June 11, 2007

JAMES HOFFMAER

10

Index No.                    Year 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

EMILIA ORTIZ,
                        Plaintiff,

-against-

WAL-MART REALTY COMPANY, WAL-MART REAL ESTATE BUSINESS TRUST, AND WAL-MART STORES-EAST, LP,

                        Defendants.

SUPPLEMENTAL SUMMONS WITH NOTICE and AMENDED VERIFIED COMPLAINT

**Hoffmaier & Hoffmaier, LLP**
Law Offices

Attorney for

PLAINTIFF
30 Avenue B, 1st Floor
New York, New York 10009
(212) 777-9400, (917) 650-0678
Fax (212) 674-1729, 217-1998

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

Dated: 6-11-07     Signature: J H
                       Print Signer's Name: J Hoffmaier

Service of a copy of the within                       is hereby admitted.
Dated:

                                    Attorney(s) for

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
entered in the office of the clerk of the within-named Court on                    20

☐ NOTICE OF SETTLEMENT
that an Order of which the within is a true copy will be presented for settlement to the Hon.                    , one of the judges of the within-named Court, at
on                    20         , at         M.

Dated:

**Hoffmaier & Hoffmaier, LLP**
Law Offices

Attorney for

To:
                                     30 Avenue B, 1st Floor
                                     New York, New York 10009

Attorney(s) for

DECLARATION OF SERVICE BY MAIL

STATE OF NEW YORK )
                  )ss.:
COUNTY OF SUFFOLK )

**STEPHANIE INZERILLO**, hereby declares, pursuant to 28 U.S.C., Section 1746 and Local Civil Rule 1.10 of this Court, that I am not a party to the action; I am over 18 years of age and reside at **Nesconset,** New York.

On June 22, 2007, I served the within **NOTICE OF REMOVAL** by depositing a true copy of the same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, addressed to each of the following persons at the last known address set forth after each name:

> HOFFMAIER & HOFFMAIER, LLP
> Attorneys for Plaintiff
> Thirty Avenue B
> New York, New York 10009
> (212) 777-9400

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 22, 2007.

_____
**STEPHANIE INZERILLO**

Index No.                    Year 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EMILIA ORTIZ,

                                              Plaintiff(s),

-against-

WAL-MART REALTY COMPANY AND
WAL-MART REAL ESTATE BUSINESS TRUST,

                                              Defendant(s).

---

### NOTICE OF REMOVAL

---

### BRODY, O'CONNOR & O'CONNOR, ESQS.

Attorneys for

**Defendant**

7 BAYVIEW AVENUE
NORTHPORT, NEW YORK 11768
(631) 261-7778
FAX (631) 261-6411

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: ............................                    Signature.............................................

                                              Print Signer's Name.........................................

---

Service of a copy of the within                                                                                    is hereby admitted.

Dated:

                                                  Attorney(s) for

---

PLEASE TAKE NOTICE

Check Applicable Box

☐ **NOTICE OF ENTRY**
that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on                                              20

☐ **NOTICE OF SETTLEMENT**
that an Order of which the within is a true copy will be presented for settlement to the
Hon.                                                one of the judges of the within named Court,
at
on                                        20              , at                      M.

Dated:

                                                          **BRODY, O'CONNOR & O'CONNOR, ESQS.**

                     Attorneys for

                                                               7 BAYVIEW AVENUE
                                                               NORTHPORT, NEW YORK 11768
                                                                       (631) 261-7778

To:                                                                    FAX (631) 261-6411

Attorney(s) for