SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

EMILIA ORTIZ,

                              Plaintiff,

    -against-

WAL-MART REALTY COMPANY,
WAL-MART REAL ESTATE BUSINESS
TRUST, AND
WAL-MART STORES EAST, LP,

                              Defendants.

---

Index No. 15689-07
Date Purchased 5·29·07

Plaintiff designates
Bronx County as
the place of trial.
The basis of the venue
is Plaintiff's residence.

**Supplemental Summons
with Notice**

Plaintiff resides at
100 Benchley Place, 24D
Bronx, New York.
County of Bronx

Defendants reside at
111 Eighth Avenue
New York, N.Y. 10011 and
2001 S.E. Tenth Street
Bentonville, Arkansas 72712



To the above named Defendants:

    **You are hereby summoned** to answer the amended complaint in this action and to serve a copy of your answer, or, if the amended complaint is not served with this supplemental summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after service of this supplemental summons, exclusive of the day of service (or within 30 days after the service is complete if this supplemental summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the amended complaint.

Dated, June 11, 2007

Defendants' Addresses:

WAL-MART REALTY COMPANY
C/O CT CORPORATION SYSTEM
111 Eighth Avenue
New York, N.Y. 10011

WAL-MART REAL ESTATE BUSINESS
TRUST

HOFFMAIER &
HOFFMAIER, LLP
Thirty Avenue B
New York, New York 10009
(212) 777-9400

2001 S.E. Tenth Street
Bentonville, Arkansas 72712
and
702 S.W. Eighth Street
Bentonville, Arkansas 72712

WAL-MART STORES EAST, LP
C/O CT CORPORATION SYSTEM
111 Eighth Avenue
New York, N.Y. 10011
and
2001 S.E. Tenth Street
Bentonville, Arkansas 72712
and
702 S.W. Eighth Street
Bentonville, Arkansas 72712



Notice: The nature of this action is Negligence/Personal Injuries

The relief sought is Money Damages.

    Upon your failure to appear, judgment will be taken against you by default for the sum of $1,000,000.00, with interest from April 19, 2007 and the costs of this action.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No. 15687-07

-----------------------------------------------------------X
EMILIA ORTIZ,

       Plaintiff,

    AMENDED VERIFIED
    COMPLAINT

  -against -

WAL-MART REALTY COMPANY,
WAL-MART REAL ESTATE BUSINESS
TRUST, AND
WAL-MART STORES EAST, LP,



       Defendants.
-----------------------------------------------------------X

  Plaintiff, by her attorney, HOFFMAIER & HOFFMAIER, LLP, complaining of the Defendants, respectfully sets forth and alleges, upon information and belief, that:

### AS AND FOR A FIRST CAUSE OF ACTION

1. Plaintiff was and still is a resident of the Bronx, City and State of New York.
2. At all relevant times, WAL-MART REALTY COMPANY was a domestic corporation licensed and authorized to do business in the State of New York.
3. At all relevant times, WAL-MART REALTY COMPANY was a limited liability corporation licensed and authorized to do business in the State of New York.
4. At all relevant times, WAL-MART REALTY COMPANY was a foreign corporation licensed and authorized to do business in the State of New York.
5. At all relevant times, WAL-MART REALTY COMPANY was a partnership.
6. At all relevant times, WAL-MART REALTY COMPANY was a sole proprietorship.
7. On April 19, 2007, WAL-MART REALTY COMPANY owned premises located at 275 Main Street, White Plains, New York (hereinafter the "Premises").
8. On April 19, 2007, WAL-MART REALTY COMPANY leased Premises located at 275 Main Street, White Plains, New York.

9. On April 19, 2007, WAL-MART REALTY COMPANY leased the first floor of 275 Main Street, White Plains, New York.

10. At all relevant times, WAL-MART REAL ESTATE BUSINESS TRUST was a domestic corporation licensed and authorized to do business in the State of New York.

11. At all relevant times, WAL-MART REAL ESTATE BUSINESS TRUST was a limited liability corporation licensed and authorized to do business in the State of New York.

12. At all relevant times, WAL-MART REAL ESTATE BUSINESS TRUST was a foreign corporation licensed and authorized to do business in the State of New York.

13. At all relevant times, WAL-MART REAL ESTATE BUSINESS TRUST was a partnership.

14. At all relevant times, WAL-MART REAL ESTATE BUSINESS TRUST was a sole proprietorship.

15. On April 19, 2007, WAL-MART REAL ESTATE BUSINESS TRUST owned premises located at 275 Main Street, White Plains, New York.

16. On April 19, 2007, WAL-MART REAL ESTATE BUSINESS TRUST leased Premises located at 275 Main Street, White Plains, New York.

17. On April 19, 2007, WAL-MART REAL ESTATE BUSINESS TRUST leased the first floor of 275 Main Street, White Plains, New York.

18. At all relevant times, WAL-MART STORES EAST, LP was a domestic corporation licensed and authorized to do business in the State of New York.

19. At all relevant times, WAL-MART STORES EAST, LP was a limited liability corporation licensed and authorized to do business in the State of New York.

20. At all relevant times, WAL-MART STORES EAST, LP was a foreign corporation licensed and authorized to do business in the State of New York.

21. At all relevant times, WAL-MART STORES EAST, LP was a partnership.

22. At all relevant times, WAL-MART STORES EAST, LP was a sole proprietorship.

23. On April 19, 2007, WAL-MART STORES EAST, LP owned premises located at 275 Main Street, White Plains, New York.

24. On April 19, 2007, WAL-MART STORES EAST, LP leased Premises located at 275 Main Street, White Plains, New York.

25. On April 19, 2007, WAL-MART STORES EAST, LP leased the first floor of 275 Main Street, White Plains, New York.

26. At all relevant times, the Defendants, their servants, agents, lessees, permittees, and/or employees, operated the Premises.

27. At all relevant times, the Defendants, their servants, agents, lessees, permittees, and/or employees, maintained the Premises.

28. At all relevant times, the Defendants, their servants, agents, lessees, permittees, and/or employees, managed the Premises.

29. At all relevant times, the Defendants, their servants, agents, lessees, permittees, and/or employees, controlled the Premises.

30. At all relevant times, it was the duty of the Defendants, their servants, agents, lessees, permittees and/or employees, to maintain, clean and repair the Premises in reasonably safe and suitable condition and repair.

31. At all relevant times, it was the duty of the Defendants, their servants, agents, lessees, permittees and/or employees, to maintain, clean and repair the interior of the Premises in reasonably safe and suitable condition and repair.

32. At all relevant times, it was the duty of the Defendants, their servants, agents, lessees, permittees and/or employees, to warn Plaintiff and others of unsafe and hazardous liquids within the interior of the Premises.

33. At all relevant times, it was the duty of the Defendants, their servants, agents, lessees, permittees and/or employees, to warn Plaintiff and others of unsafe and hazardous liquids, by color, markings, signs and other warnings, within the interior of the Premises.

34. At all relevant times, it was the duty of the Defendants, their servants, agents, lessees, permittees and/or employees, to see that the floor within the interior of the Premises conformed to code as regards friction.

35. At all relevant times, it was the duty of the Defendants, their servants, agents, lessees, permittees and/or employees, to provide sufficient and adequate lighting for Plaintiff and others lawfully at said Premises.

36. At all relevant times, the Plaintiff, EMILIA ORTIZ ("Plaintiff") was lawfully on the Premises.

37. On the 19th day of April, 2007, Plaintiff was walking within the Premises and slipped, tripped and fell due to dirty, hazardous, and unsafe liquids on the floor.

38. At all relevant times, Defendants, their servants, agents, lessees, permittees and/or employees, failed to maintain, clean and repair the Premises in reasonably safe and suitable condition and repair.

39. At all relevant times, Defendants, their servants, agents, lessees, permittees and/or employees, failed to maintain, clean and repair the interior of the Premises in reasonably safe and suitable condition and repair.

40. At all relevant times, Defendants, their servants, agents, lessees, permittees and/or employees, failed to remove dirty, hazardous, and unsafe liquids placed within the interior of the Premises.

41. At all relevant times, Defendants, their servants, agents, lessees, permittees and/or employees, failed to warn Plaintiff and others of dirty, hazardous, and unsafe liquids within the interior of the Premises.

42. At all relevant times, Defendants, their servants, agents, lessees, permittees and/or employees, failed to warn Plaintiff and others of unsafe, hazardous and dirty liquids, by color, markings, signs and other warnings, within the interior of the Premises.

43. At all relevant times, Defendants, their servants, agents, lessees, permittees and/or employees, failed to see that the floor within the interior of the Premises conformed to code as regards friction.

44. At all relevant times, Defendants, their servants, agents, lessees, permittees and/or employees, failed to provide sufficient and adequate lighting for Plaintiff and others lawfully at said Premises.

45. As a result of said hazardous, dirty, and unsafe conditions, and the improper and inadequate lighting, steps, and handrails, thereby constituting a trap, Plaintiff was caused to sustain severe injuries to her body.

46. The aforesaid described incident and the resulting injuries to the Plaintiff were caused solely by the reason of the carelessness, negligence, wanton and willful disregard on the part of the Defendants, their servants, agents, lessees, permittees

and/or employees, without any negligence on the part of the Plaintiff contributing thereto.

47. Defendants are liable for negligence, negligence per se, res ipsa loquitor, respondeat superior and vicarious liability.

48. Defendants caused and created the conditions described above.

49. Defendants had written and oral, actual and/or constructive, prior notice of the conditions described above.

50. Defendants had both actual and constructive prior notice of a recurrent hazardous conditions of liquids and spills at the accident location.

51. This action falls within one or more of the exceptions set forth in CPLR Section 1602, including, but not limited to, CPLR 1602(7), and (11).

52. By reason of the foregoing, Plaintiff EMILIA ORTIZ was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration.

53. By reason of the foregoing, Plaintiff EMILIA ORTIZ was caused to suffer pain, inconvenience and other effects of such injuries.

54. By reason of the foregoing, Plaintiff EMILIA ORTIZ incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries.

55. By reason of the foregoing, Plaintiff EMILIA ORTIZ has suffered and in the future will necessarily suffer additional loss of time and earnings from employment.

56. By reason of the foregoing, Plaintiff EMILIA ORTIZ will be unable to pursue the usual duties with the same degree of efficiency as prior to this occurrence, all to Plaintiff's great damage.

57. By reason of the foregoing, Plaintiff EMILIA ORTIZ has been damaged in an amount that exceeds the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action and/or in a sum that would provide Plaintiff general relief for her injuries and damages.

## AS AND FOR A SECOND CAUSE OF ACTION

58. Plaintiff repeats, reiterates and realleges each and every allegation of the amended complaint set forth in the prior and applicable paragraphs with the same force and effect as though said allegations were herein set forth at length.

59. At all relevant times, it was the duty of the Defendants to select and screen from hiring and retention or for discharge those employees who were not fit, suitable, properly trained, and/or instructed to promptly, properly, safely, and adequately clean, install, maintain and repair the Premises.

60. At all relevant times, it was the duty of the Defendants to train, discipline and supervise their servants, agents, employees and/or personnel and to promulgate and put into effect adequate and appropriate rules applicable to the activities and behaviors of their servants, agents, employees, and/or personnel concerning cleaning, installation, maintenance and repair of the Premises.

61. At all relevant times, the Defendants failed to select and screen from hiring and retention or for discharge those employees who were not fit, suitable, properly trained, and/or instructed to promptly, properly, safely, and adequately clean, install, maintain and repair the Premises.

62. At all relevant times, the Defendants failed to train, discipline and supervise their servants, agents, employees and/or personnel and to promulgate and put into effect adequate and appropriate rules applicable to the activities and behaviors of their servants, agents, employees, and/or personnel concerning cleaning, installation, maintenance and repair of the Premises.

63. By reason of the foregoing, Plaintiff EMILIA ORTIZ has been damaged in an amount that exceeds the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action and/or in a sum that would provide Plaintiff general relief for her injuries and damages.

WHEREFORE, Plaintiff EMILIA ORTIZ demands judgment against the Defendants in an amount that exceeds the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action

and/or in the sum that would provide Plaintiff general relief for her injuries and damages, altogether with the costs and disbursements of this action.

Dated:     New York, New York
           June 11, 2007

                                                    Yours, etc.,

                                                    *J. Hoffmaier*
                                                    JAMES HOFFMAIER
                                                    HOFFMAIER & HOFFMAIER, LLP
                                                    Attorney for the Plaintiff
                                                    30 Avenue B
                                                    New York, New York 10009
                                                    (212) 777-9400

STATE OF NEW YORK
COUNTY OF NEW YORK

I, the undersigned, am an attorney admitted to practice law in the Courts of the State of New York, and state that I am the attorney of record for EMILIA ORTIZ in the within action. I have read the annexed supplemental summons with notice and verified amended complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein that are stated to be alleged on information and belief, and, as to those matters, I believe them to be true. The grounds of my belief as to those matter not stated to be upon my own knowledge, are based on investigative materials contained in my file. The reason I make this affirmation instead of the Plaintiff is that the Plaintiff does not reside in the county wherein I maintain my office.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: June 11, 2007

_____
JAMES HOFFMAIER

*Index No.* _____ *Year* 20 ___

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

EMILIA ORTIZ,

                                  Plaintiff,

-against-

WAL-MART REALTY COMPANY, WAL-MART REAL ESTATE BUSINESS TRUST, AND WAL-MART STORES EAST, LP,

                                  Defendants.

SUPPLEMENTAL SUMMONS WITH NOTICE and AMENDED VERIFIED COMPLAINT

**Hoffmaier & Hoffmaier, LLP**
Law Offices

*Attorney for*

PLAINTIFF
30 Avenue B, 1st Floor
New York, New York 10009
(212) 777-9400, (917) 650-0678
Fax (212) 674-1729, 217-1998

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

Dated: 6-11-07   Signature: /s/ J. Hoffmaier

Print Signer's Name: J. Hoffmaier

*Service of a copy of the within* _____ *is hereby admitted.*

Dated:

                                  *Attorney(s) for*

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a _____
entered in the office of the clerk of the within-named Court on _____ 20 ___

☐ NOTICE OF SETTLEMENT
that an Order of which the within is a true copy will be presented for settlement to the Hon. _____, one of the judges of the within-named Court, at _____
on _____ 20 ___, at _____ M.

Dated:

                                  **Hoffmaier & Hoffmaier, LLP**
                                  Law Offices

*Attorney for*

To:

                                  30 Avenue B, 1st Floor
                                  New York, New York 10009

*Attorney(s) for*