WM 07-233 NM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
EMILIA ORTIZ,                                                                      Docket No.:

                        Plaintiff,

       -against-                                                         **VERIFIED ANSWER**

WAL-MART REALTY COMPANY AND
WAL-MART REAL ESTATE BUSINESS TRUST,

                        Defendant.
----------------------------------------------------------------------X

The defendant, WAL-MART STORES EAST, LP i/s/h/a WAL-MART REALTY COMPANY AND WAL-MART REAL ESTATE BUSINESS TRUST, by its attorneys, BRODY, O'CONNOR & O'CONNOR, ESQS., answering the Verified Complaint herein states upon information and belief:

### AS TO THE FIRST CAUSE OF ACTION

FIRST: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "1", and each and every part thereof.

SECOND: Defendant denies the allegations set forth in paragraph(s) marked "2", "3" and "4", and each and every part thereof.

THIRD: Defendant denies the allegations set forth in paragraph marked "5, and each and every part thereof, except admits that WAL-MART STORES EAST, LP is a foreign limited partnership registered to do business in the State of New York and is the operator of the White Plains Wal-Mart.

FOURTH: Defendant denies the allegations set forth in paragraph(s) marked "6" and "7", and each and every part thereof.

FIFTH: Defendant denies the allegations set forth in paragraph marked "8", and each and every part thereof, except admits that WAL-MART STORES EAST, LP is a lessee of only that portion of the premises where the White Plains Wal-Mart is operated.

SIXTH: Defendant denies the allegations set forth in paragraph marked "9", and each and every part thereof, except admits that WAL-MART STORES EAST, LP is a lessee of only that portion of the premises where the White Plains Wal-Mart is operated.

SEVENTH: Defendant denies the allegations set forth in paragraph(s) marked "10", "11", "12", "13", "14" and "15", and each and every part thereof.

EIGHTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph(s) marked "16" and "17", and each and every part thereof.

NINTH: Defendant denies the allegations set forth in paragraph(s) marked "18", "19" and "20", and each and every part thereof.

TENTH: Defendant denies the allegations set forth in paragraph marked "21, and each and every part thereof, except admits that WAL-MART STORES EAST, LP is a foreign limited partnership registered to do business in the State of New York, and is the operator of the White Plains Wal-Mart.

ELEVENTH: Defendant denies the allegations set forth in paragraph(s) marked "22" and "23", and each and every part thereof.

TWELFTH: Defendant denies the allegations set forth in paragraph marked "24", and each and every part thereof, except admits that WAL-MART STORES EAST, LP is a lessee of only that

portion of the premises where the White Plains Wal-Mart is operated.

THIRTEENTH: Defendant denies the allegations set forth in paragraph marked "25", and each and every part thereof, except admits that WAL-MART STORES EAST, LP is a lessee of only that portion of the premises where the White Plains Wal-Mart is operated.

FOURTEENTH: Defendant denies the allegations set forth in paragraph marked "26", and each and every part thereof, except admits that WAL-MART STORES EAST, LP is a lessee of only that portion of the premises where the White Plains Wal-Mart is operated.

FIFTEENTH: Defendant denies the allegations set forth in paragraph(s) marked "27", "28", "29", "30", "31", "32", "33", "34" and "35", and respectfully refers all questions of law to the trial Court.

SIXTEENTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph(s) marked "36" and "37", and each and every part thereof.

SEVENTEENTH: Defendant denies the allegations set forth in paragraph(s) marked "38", "39", "40", "41", "42", "43", "44", "45", "46", "47", "48", "49" and "50", and each and every part thereof.

EIGHTEENTH: Defendant denies the allegations set forth in paragraph marked "51", and respectfully refers all questions of law to the trial Court.

NINETEENTH: Defendant denies the allegations set forth in paragraph(s) marked "52", "53", "54", "55", "56" and "57", and each and every part thereof.

## AS TO THE SECOND CAUSE OF ACTION

TWENTIETH: Defendant repeats and reiterates each and every denial in answer to paragraphs numbered "1" through "57", of the Complaint as if more particularly hereinafter set forth

in answer to paragraph numbered "58", and each and every part thereof.

TWENTY-FIRST: Defendant denies the allegations set forth in paragraph(s) marked "59" and "60", and respectfully refers all questions of law to the trial Court.

TWENTY-SECOND: Defendant denies the allegations set forth in paragraph(s) marked "61", "62" and "63", and each and every part thereof.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TWENTY-THIRD: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

TWENTY-FOURTH: In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages were caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWENTY-FIFTH: Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, defendant, WAL-MART STORES EAST, LP i/s/h/a WAL-MART REALTY COMPANY AND WAL-MART REAL ESTATE BUSINESS TRUST, requests judgment

dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
      June 22, 2007

                              Yours, etc.

                              BRODY, O'CONNOR & O'CONNOR, ESQS.
                              Attorneys for Defendant,
                              WAL-MART STORES EAST, LP i/s/h/a
                              WAL-MART REALTY COMPANY AND
                              WAL-MART REAL ESTATE BUSINESS TRUST

By: _____
                              PATRICIA A. O'CONNOR (PO-5645)
                              7 Bayview Avenue
                              Northport, New York 11768
                              (631) 261-7778
                              File No.: WM 07-233 NM

TO:   HOFFMAIER & HOFFMAIER, LLP
      Attorneys for Plaintiff
      Thirty Avenue B
      New York, New York 10009
      (212) 777-9400

## AFFIRMATION BY ATTORNEY

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The grounds of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences had with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
June 22, 2007

PATRICIA A. O'CONNOR (PO-5645)

DECLARATION OF SERVICE BY MAIL

STATE OF NEW YORK )
                  )ss.:
COUNTY OF SUFFOLK )

**STEPHANIE INZERILLO**, hereby declares, pursuant to 28 U.S.C., Section 1746 and Local Civil Rule 1.10 of this Court, that I am not a party to the action; I am over 18 years of age and reside at **Nesconset,** New York.

On June 22, 2007, I served the within **VERIFIED ANSWER** by depositing a true copy of the same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, addressed to each of the following persons at the last known address set forth after each name:

> HOFFMAIER & HOFFMAIER, LLP
> Attorneys for Plaintiff
> Thirty Avenue B
> New York, New York 10009
> (212) 777-9400

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 22, 2007.

_____
STEPHANIE INZERILLO

Index No. _____   Year 20 ____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMILIA ORTIZ,

Plaintiff(s),

-against-

WAL-MART REALTY COMPANY AND
WAL-MART REAL ESTATE BUSINESS TRUST,

Defendant(s).

## VERIFIED ANSWER

**BRODY, O'CONNOR & O'CONNOR, ESQS.**

*Attorneys for* **Defendant**

7 BAYVIEW AVENUE
NORTHPORT, NEW YORK 11768
(631) 261-7778
FAX (631) 261-6411

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated: _____   Signature ........................................................

Print Signer's Name ........................................................

Service of a copy of the within _____ is hereby admitted.

Dated: _____

Attorney(s) for _____

**PLEASE TAKE NOTICE**

☐ **NOTICE OF ENTRY**
that the within is a (certified) true copy of a _____
entered in the office of the clerk of the within named Court on _____ 20 ____

☐ **NOTICE OF SETTLEMENT**
that an Order of which the within is a true copy will be presented for settlement to the Hon. _____ one of the judges of the within named Court,
at _____
on _____ 20 ____ , at _____ M.

Dated:

**BRODY, O'CONNOR & O'CONNOR, ESQS.**

*Attorneys for*

7 BAYVIEW AVENUE
NORTHPORT, NEW YORK 11768
(631) 261-7778
FAX (631) 261-6411

To: