Law Offices
# HOFFMAIER & HOFFMAIER, LLP
30 Avenue B, 1st Floor
New York, New York 10009
Phone (212) 777-9400
Cell (917) 650-0678, (347) 452-4402
Fax (212) 674-1729, 217-1998

*Neva Hoffmaier*
*James C. Hoffmaier*

Thomas G. Bernard
*of counsel*

Nov. 27, 2007

Brody, O'Connor & O'Connor, Esqs.
7 Bayview Avenue
Northport, N.Y., 11768
Attn: Ms. Nicole Marmanillo, Esq.

THIRD GOOD FAITH LETTER

    RE:    <u>ORTIZ v. WALLMART</u>
                07-CV-6020
                Former Supreme Court, Bronx County, index no. 15689/07

Dear Ms. Marmanillo:

I have reviewed the discs that you provided, and thank you for same. However, there is additional discovery that, if not provided, could result in Court intervention.

Please respond to the outstanding Notices for Discover and Inspection to avoid unnecessary motion practice:

1. All leases or subleases (including riders and amendments) regarding the Premises in effect on the date of the accident. [**THE LEASE SHOULD SHOW THE STORE'S RESPONSIBILITY FOR CLEANING.  <u>PLEASE PROVIDE THE LEASE FOR THE ACCIDENT LOCATION IN EFFECT ON THE DATE OF THE ACCIDENT</u>**.]
2. All contracts between the Defendants regarding the Premises in effect on the date of the accident.
3. [Response adequate.]
4. [Response adequate.]
5. [Response adequate.]
6. [Response adequate.]
7. All contracts, subcontracts, leases, subleases, records, documents, memoranda, notes, correspondence, reports, repair orders, logs, field reports, progress reports,  purchase orders, schedules, policies, procedures, rules, regulations, instructions, guidelines,

    directives, invoices, bills, permits, diagrams, work permits, blueprints, architect's designs, schematics, diagrams, job meeting minutes, records referable to work done pursuant to permits and permit applications, work proposals, or other documents regarding the service, cleaning, sweeping, inspection, repair and maintenance of the Premises for the **five years** period prior to the accident. [**THE DOCUMENTS THAT YOU PROVIDED DO NOT CONTAIN THE MAINTENANCE RECORDS FOR THE PARTICULAR STORE BEFORE THE ACCIDENT. YOU PROVIDED VARIOUS TRAINING MANUALS, ETC., BUT YOU DID NOT PROVIDE SPECIFIC CLEANING RECORDS FOR THE PARTICULAR STORE**.]

8. ….
9. ...
10. All records, documents, logs, schedules, policies, procedures, invoices, bills, or other written information regarding the lighting and lights inside of the Premises for the one year period prior to the accident. [**Paragraph 6 of the Bill of Particulars alleges,** *inter alia*, **inadequate lighting**.]
11. All documents, records, pleadings, notices of claim, correspondence, and log books regarding any written or oral complaints, other accidents, or other litigation, regarding the conditions complained of in the Complaint, or similar conditions, at the Premises during the **five** years before the subject accident. [**Paragraph 7 of the Bill of Particulars alleges,** *inter alia*, **notice of recurrent hazardous conditions. Therefore, these records are discoverable. <u>Dorsa v. National Amusements, Inc.</u>, 6 A.D.3d 652 (2nd Dept. 2004)(maintenance records regarding recurrent conditions). See also <u>Mann v. Cooper</u>, 816 N.Y.S.2d 45 (1st Dept. 2007)(pleadings and Bills of Particulars for similar litigation; customer complaints); <u>Marte v. Brooklyn Hospital Center</u>, 9 A.D.3d 41, 779 N.Y.S.2d 82 (2nd Dept. 2004)(records of the investigation of the incident, prior similar incidents, complaints regarding security breaches, and log books); <u>Daniels v. City of New York</u>, 291 A.D.2d 260 (1st Dept. 2002)(prior similar accidents for three years prior to the accident); <u>Lancaster v. St. Luke's</u>, 295 A.D.2d 321 (2nd Dept. 2002)(prior similar accidents); <u>Hall v. 130-10 Food Corp.</u>, 254 A.D.2d 22 (1st Dept. 1998)(prior similar accidents); <u>Coan v. LIRR</u>, 246 A.D.2d 569 (2nd Dept. 1998)(records of prior similar accidents); <u>Hardy v. Tops</u>, 231 A.D.2d 879 (4th Dept 1996)(incident reports regarding other falls and records of complaints; maintenance and inspection schedule); <u>Lestingi v. City of New York</u>, 209 A.D.2d 384 (2nd Dept. 1994)(prior similar accidents); <u>Herbert v. Sivaco</u>, 289 A.D.2d 71 (1st Dept. 2001)(prior complaints); <u>Dukes v. 800 Grand Concourse Owners, Inc.</u>, 198 A.D.2d 13 (1st Dept. 1993)(prior roof leaking in other units); <u>Taylor v. John Doe</u>,167 A.D.2d 984 (4th Dept. 1990)(prior similar accidents); <u>Parry v. Pyramid Crossgattes Co.</u>, 158 A.D.2d 787 (3rd Dept. 1990)(other incidents in fifteen year period); <u>Ielovich v. Taylor Mach. Works, Inc.</u>, 128 A.D.2d 676 (2nd Dept. 1987)(past accidents); <u>Boone v. Supermarket General Corp.</u>, 109 A.D.2d 771 (2nd Dept. 1985)(other slips and falls); <u>Alexson Mechanical Contracting, Inc. v. Honeywell</u>, 101 A.D.2d 796 (2nd Dept. 1984)(customer complaints); <u>Klatz v. Armor Elevator Co., Inc.</u>, 93 A.D.2d 633 (2nd Dept. 1983)(other accidents); <u>Jonmaire v. West Seneca</u>, 120 A.D.2d 928 (4th Dept. 1986)(Other accidents);**

  **Indilicato v. Pacific Pool Industries, Inc.**, 95 A.D.2d 886 (3rd Dept. 1983)(claims, correspondence and legal pleadings); **Ragona**; **Petty v. Riverbay Corp.**, 92 A.D.2d 525 (1st Dept. 1983)(other actions, records of other assaults, bills, correspondence, repair and maintenance records); **Mott v. Chesbro-Whitman Co.**, 87 A.D.2d 573 (2nd Dept. 1982)(other claims).]

12. ….
13. ….
14. ….
15. All documents reflecting the number, type and placement of floor mats, if any, in Defendants' inventory on the date of Plaintiff's accident and earlier. [**Paragraph 6 of the Bill of Particulars alleges,** *inter alia*, **inadequate mats**.]
16. All documents, consisting of, but not limited to, prior notification maps, complaints, correspondence, computer data and printouts, index book and log entries and inspection reports, of complaints received by any Defendant, concerning the condition of the subject Premises prior to and including the date of the accident. [**See Mann v. Cooper**, 816 N.Y.S.2d 45 (1st Dept. 2007)(pleadings and Bills of Particulars for similar litigation; customer complaints); **Dorsa v. National Amusements, Inc.**, 6 A.D.3d 652 (2nd Dept. 2004)(maintenance records regarding recurrent conditions); **Marte v. Brooklyn Hospital Center**, 9 A.D.3d 41, 779 N.Y.S.2d 82 (2nd Dept. 2004)(records of the investigation of the incident, prior similar incidents, complaints regarding security breaches, and log books); **Daniels v. City of New York**, 291 A.D.2d 260 (1st Dept. 2002)(prior similar accidents for three years prior to the accident); **Lancaster v. St. Luke's**, 295 A.D.2d 321 (2nd Dept. 2002)(prior similar accidents); **Hall v. 130-10 Food Corp.**, 254 A.D.2d 22 (1st Dept. 1998)(prior similar accidents); **Coan v. LIRR**, 246 A.D.2d 569 (2nd Dept. 1998)(records of prior similar accidents); **Hardy v. Tops**, 231 A.D.2d 879 (4th Dept 1996)(incident reports regarding other falls and records of complaints; maintenance and inspection schedule); **Lestingi v. City of New York**, 209 A.D.2d 384 (2nd Dept. 1994)(prior similar accidents); **Herbert v. Sivaco**, 289 A.D.2d 71 (1st Dept. 2001)(prior complaints); **Dukes v. 800 Grand Concourse Owners, Inc.**, 198 A.D.2d 13 (1st Dept. 1993)(prior roof leaking in other units); **Taylor v. John Doe**, 167 A.D.2d 984 (4th Dept. 1990)(prior similar accidents); **Parry v. Pyramid Crossgattes Co.**, 158 A.D.2d 787 (3rd Dept. 1990)(other incidents in fifteen year period); **Ielovich v. Taylor Mach. Works, Inc.**, 128 A.D.2d 676 (2nd Dept. 1987)(past accidents); **Boone v. Supermarket General Corp.**, 109 A.D.2d 771 (2nd Dept. 1985)(other slips and falls); **Alexson Mechanical Contracting, Inc. v. Honeywell**, 101 A.D.2d 796 (2nd Dept. 1984)(customer complaints); **Klatz v. Armor Elevator Co., Inc.**, 93 A.D.2d 633 (2nd Dept. 1983)(other accidents); **Jonmaire v. West Seneca**, 120 A.D.2d 928 (4th Dept. 1986)(Other accidents); **Indilicato v. Pacific Pool Industries, Inc.**, 95 A.D.2d 886 (3rd Dept. 1983)(claims, correspondence and legal pleadings); **Ragona**; **Petty v. Riverbay Corp.**, 92 A.D.2d 525 (1st Dept. 1983)(other actions, records of other assaults, bills, correspondence, repair and maintenance records); **Mott v. Chesbro-Whitman Co.**, 87 A.D.2d 573 (2nd Dept. 1982)(other claims).]
17. Printouts of computer data identifying alleged defects at the subject Premises within

the three years prior to the date of Plaintiff's accident. [**See 16 above**.]
18. …
19. …
20. Payroll records for the subject location for the date of the accident, and personnel files for all employees employed at the Premises on the date of the accident. [**At the last conference, the Federal Court ordered that these be produced**. Plaintiff alleges negligent hiring and retention in the Bill of Particulars.]
21. ..
22. ….
23. Records of subsequent accidents, and subsequent remedial action such as cleaning.

**Finally, on the second document on the disc you produced entitled "Topic: Slips, Trips and Falls" (copy attached), there is a photo referenced on page 2 that, curiously, was not provided. Please provide this photo as it clearly shows that Defendants' own policy required that spills be blocked by store personnel. By the store's own policy, simply leaving a sign is not good enough for the store's safety.**

Very truly yours,

*James Hoffmaier*

James Hoffmaier

CC: Clerk To Magistrate Judge Francis
Chambers of Justice Francis
United States District Court, Southern District
500 Pearl Street
New York, N.Y. 10007